UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MELVIN BROWN, | : | |
| Petitioner | : | CIVIL ACTION NO. 3:22-0325 |
| v. | : | (JUDGE MANNION) |
| | : | |
| WARDEN J. SAGE, | | |
| | : | |
| Respondent | | |

**MEMORANDUM**

Petitioner, Melvin Brown, an inmate confined in the Schuylkill Federal Correctional Institution, Minersville, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. 1). Brown alleges that he has not been credited under the First Step Act (FSA) for completing recidivism reducing courses and productive activities while in custody. Id. Specifically, Brown requests that he be awarded FSA credits for completing non-residential drug abuse treatment programs and residential re-entry courses. Id. Also, Brown would like credit for participating in the Bureau of Prison's (BOP's) Residential Drug Abuse Program (RDAP) and reassessed for his pattern score. Id.

For the reasons that follow, the Court will deny the petition.

I.     **Background**

Brown was convicted in the United States District Court for the Southern District of New York for conspiracy to commit wire fraud, in violation of 18 U.S.C. §1349 and aggravated identity theft, in violation of 18 U.S.C. §1028(A). (Doc. 8-1 at 7-8, Public Information Inmate Data). Brown is serving a 53-month term of imprisonment imposed on January 29, 2020. Id. Brown began serving his sentence on March 20, 2020 and was transferred to FCI-Schuylkill on July 28, 2020. Id. His current projected release date is December 18, 2022, via conditional release under 18 U.S.C. §3621(E). Id.

On June 1, 2020, the BOP assessed Brown as having a high risk of recidivism, and a medium risk of recidivism on April 28, 2021, July 1, 2021, and November 28, 2021. (Doc. 8-1 at 13-14, Inmate History First Step).

On January 17, 2022, he was assessed to have Education, Substance Abuse, Trauma and Work criminogenic needs. Id, at 2. He was previously assessed to also have a Finance/Poverty criminogenic need on August 4, 2020, and Cognitions criminogenic need on March 5, 2021. Id.

## II. Discussion

Respondent asserts that Petitioner's §2241 petition should be dismissed because: (1) Petitioner failed to exhaust his administrative remedies; and (2) Petitioner is not eligible to receive the requested time credits under the FSA. (Doc. 8 at 3.) The Court considers each argument in turn below.

### A. Exhaustion of Administrative Remedies

While §2241 does not contain an explicit statutory exhaustion requirement, the United States Court of Appeals for the Third Circuit has consistently required a petitioner to exhaust his administrative remedies before filing a §2241 petition. Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion is required "for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." Id. at 761-62 (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981)). Thus, "a federal prisoner who . . . fails to exhaust his administrative remedies because of a procedural default, and subsequently finds closed all additional avenues of administrative remedy, cannot secure judicial review of his

habeas claim absent a showing of cause and prejudice." Id. at 762. Exhaustion, however, is not required when it would not promote these goals, such as when exhaustion would be futile. See, e.g., Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998).

The BOP has a multi-step administrative remedy program allowing an inmate "to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. §542.10(a). First, an inmate should attempt informal resolution of the issue with the appropriate staff member. Id. §542.13(b). If informal resolution is unsuccessful, the inmate may submit a formal written grievance, using the BP-9 form, to the Warden within twenty (20) calendar days "following the date on which the basis for the Request occurred." Id. §542.14(a). The Warden is to respond to the request within twenty (20) calendar days. Id. §542.18. An inmate dissatisfied with the Warden's response may appeal, using the BP-10 form, "to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response." Id. §542.15(a). Finally, an inmate may appeal the Regional Director's response, using the BP-11 form, to the BOP's General Counsel "within 30 calendar days of the date the Regional Director signed the response." Id.

Brown acknowledges on the face of his petition that he has failed to exhaust his administrative remedies prior to filing his petition. (Doc. 1 at 2-3). BOP records confirm that Brown has not filed any administrative remedies concerning credits under the FSA. (Doc. 8-1 at 10-12, Administrative Remedy Generalized Retrieval). Indeed, his Administrative Remedy Generalized Retrieval demonstrates Brown has only filed three administrative remedies while in BOP custody, each requesting compassionate release. Id. Brown states that "federal time credit sponsored by the First Step Act is a futile matter" and filing grievances will render useless, due to the proximity of [Petitioner's] release date." (Doc. 1 at 2-3).

However, even if Petitioner thought that pursuit of his administrative remedies would be futile, "[c]ourts in the Middle District of Pennsylvania have consistently held that 'exhaustion of administrative remedies is not rendered futile simply because a prisoner anticipates he will be unsuccessful in his administrative appeals.'" Ross v. Martinez, No. 4:09-cv-1770, 2009 WL 4573686, at *3 (M.D. Pa. Dec. 1, 2009) (quoting Malvestuto v. Martinez, No. 1:09-cv-1339, 2009 WL 2876883, at *3 (M.D. Pa. Sept. 1, 2009)); see also Suarez-Sanchez v. Lane, No. 4:18-cv-1431, 2019 WL 1645231, at *3-4 (M.D. Pa. Mar. 5, 2019) (concluding that petitioner's §2241 petition was subject to dismissal for failure to exhaust because the petitioner "never fully

and properly appealed [his] grievance because he apparently deemed the grievance process to be a waste of time"), Report and Recommendation adopted, 2019 WL 1620339 (M.D. Pa. Apr. 16, 2019). In the instant case, Petitioner "has clearly failed to exhaust administrative remedies with respect to the time credit he requests in the instant petition." Kurti v. White, No. 1:19-cv-2109, 2020 WL 2063871, at *3 (M.D. Pa. Apr. 29, 2020). Thus, the Court agrees with Respondent that Petitioner's §2241 petition must be dismissed for failure to exhaust his administrative remedies.

B. **Merits of Section 2241 Petition**

Even if exhaustion were somehow excused, Brown's petition fails on the merits. Under the FSA, the Attorney General was charged with development and release of a risk and needs assessment system (the "System") within 210 days of December 21, 2018—the date on which the FSA was enacted. See 18 U.S.C. §3632(a). The System is utilized for (1) determining an inmate's recidivism risk; (2) assessing an inmate's risk of violent or serious misconduct; (3) determining the type and amount of evidence-based recidivism reduction ("EBRR") programming appropriate for each inmate based on the prisoner's criminogenic needs; (4) periodically reassessing an inmate's recidivism risk; (5) reassigning an inmate to

appropriate EBRR programs and "productive activities"[1] ("PAs"); (6) determining when to provide incentives and rewards for successful participation in EBRR programs and PAs; and (7) determining when the inmate is ready to transfer to pre-release custody or supervised release. See id. In addition, the System provides guidance on the "type, amount, and intensity of [EBRR] programming and [PA]s" to be assigned to each prisoner based on the inmate's specific criminogenic needs. See id. §3632(b).

The FSA allows eligible inmates who successfully complete EBRR programs or PAs to receive time credits to be applied toward time in pre-release custody or supervised release. See 18 U.S.C. §3632(d)(4)(A), (C). An inmate can earn 10 days of credit for every 30 days of successful participation. See id. §3632(d)(4)(A)(i). Moreover, eligible inmates assessed at a minimum or low risk of recidivism who do not increase their risk of recidivism over two consecutive assessments may earn 5 additional days of time credit for every 30 days of successful participation, for a total of 15 days' time credit per 30 days' successful participation. Id. §3632(d)(4)(A)(ii).

---

[1] The term "productive activity" is defined, in pertinent part, as "either a group or individual activity that is designed to allow prisoners determined as having a minimum or low risk of recidivating to remain productive and thereby maintain a minimum or low risk of recidivating." 18 U.S.C. §3635(5).

However, an inmate may not earn time credits for EBRR programs or PAs completed prior to the statute's enactment. See id. §3632(d)(4)(B)(i).

The Attorney General was allowed 210 days after the FSA was enacted to develop and publish the System, which the BOP then used as a guide to implement the EBRR programs and PAs. See id. §3632(a). The Attorney General published the System on July 19, 2019, and the BOP thus had 180 days, or until January 15, 2020, to implement it, complete assessments, and begin to assign prisoners to appropriate EBRR programs. See Kurti v. White, No. 1:19-cv-2109, 2020 WL 2063871, at *4 (M.D. Pa. Apr. 29, 2020) (citing 18 U.S.C. §3621(h)).

Although there are numerous eligibility requirements to receive time credits under the FSA, the question of Brown's eligibility begins and ends with his recidivism risk level under the System. Brown was assessed on four occasions. On one occasion he was assessed a "high risk" and on three occasions as a "medium risk" of recidivism. Under the FSA, to be eligible for application of time credits when being placed in pre-release custody or supervised release, the inmate must have "been determined under the System to be a **minimum or low risk** to recidivate pursuant to" either the last two reassessments (in the case of pre-release custody) or the last reassessment (in the case of supervised release). See 18 U.S.C.

§3624(g)(1)(D)(i)(I), (ii) (emphasis added). Because all of Brown's recidivism risk assessments under the System have been "high," or "medium", even if he had completed eligible programming, he still could not receive the corresponding FSA time credits he seeks. Consequently, the Court cannot grant Brown relief under Section 2241.

## IV. Conclusion

For the reasons set forth above, the petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241 will be denied.

An appropriate order will issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: April 29, 2022**
22-0325-01